### JOHN INNES *v.* REUBEN AGNEW.

*Seizin— Warranty.*

The act concerning actions for covenants real does not extend to a deed containing a covenant of seizin as well as of warranty.

A declaration on covenant of warranty must aver eviction.

THIS was a writ of error to the common pleas of Muskingum county, in an action of covenant, in which judgment had been rendered for the plaintiff, the now defendant in error.

The declaration set forth a deed for the conveyance of a lot of ground, containing covenants of seizin of general warranty, and against incumbrances. It assigned as breaches that the grantor was not seized. That he did not warrant and defend the premises against all claims, but that on the contrary the legal title, at the date of the deed, was in one Pierce. That the premises were in-387] cumbered with a mortgage, *and that the mortgagee had prosecuted a *scire facias*, obtained a judgment, and sued out execution, upon which the premises were sold.

To the first breach the defendant pleaded that he was seized in fee, upon which issue was joined, and to the three last breaches he demurred.

The cause was submitted to the court both as to fact and law. They found the issue on the first plea in favor of the defendant, and on the other breaches gave judgment on the demurrers for the plaintiff and assessed his damages, and entered final judgment.

Upon the writ of error several errors were assigned and argued by counsel. But as the court decided upon one point only, it is, not necessary to notice any other in the report.

It was assigned for error that the second breach does not aver an eviction, and that in this particular the declaration was defective.

DOWNER, for plaintiff in error:

In an action upon a covenant of general warranty it is indispensably necessary to allege and prove that the plaintiff has been evicted by paramount title. 2 Johns. 1, 4; 7 Johns. 254; 11 Johns. 122.

The statute of Ohio declaring the law in certain cases of covenant real does not apply to this case. It only applies to cases where the deed contains a covenant of warranty, and no covenant of seizin. The common law principle that the plaintiffs could not recover upon a covenant of warranty, while he retained possession, even where the title was acknowledged to be defective, was an evil, to remedy which the statute was enacted. But this evil did not exist where the deed contained also a covenant of seizin, upon which the grantee could immediately pursue his remedy.

The words of the first section of the act, " *all deeds of bargain and sale for the conveyance of lands containing the common covenants of general warranty,*" taken as they stand and with the context, must mean all such deeds as contain those covenants *only,* and not that of seizin, otherwise the language of the last part of the section is nonsense. It goes on to provide that " the grantee shall in such case *maintain his action upon such covenant of gen- [388· eral warranty in the same manner that he might have done had such deed contained *also* a covenant of seizin. These terms ex-

.clude from the operation of. the statute a deed containing a covenant of seizin, as well as a covenant of warranty—and show clearly that it was not the intention of the legislature to give the new .remedy where the old one could be resorted to.

GODDARD, for defendant in error:

. A first impression may seem to favor the construction of our .statute set up by the plaintiff in error. But when the whole .statute is considered, and the effect of that construction in limiting the remedy contemplated by the legislature, it must be held inadmissible.

The statute is a declaratory one. It recites that doubts are entertained whether an action can be sustained upon the common .covenant of general warranty, before the grantee is evicted, and that it is essential to right and justice that such doubts be removed, and its enactments are founded upon these recitals. What were the doubts to be removed? Not whether an action could be :sustained upon a covenant of warranty, without eviction, where the deed contained only a covenant of warranty. But a doubt :applicable to all covenants of warranty, whether standing alone in the deed or united with others. The fact that the deed contained a covenant of seizin did not remove the doubt, as to the .state of facts necessary to sustain an action on the covenant of warranty.

The covenant of seizin and a covenant of warranty are not ·synonymous covenants. A covenant of general warranty is the highest and most beneficial covenant to the grantee. It protects him when a covenant of seizin would not. The grantee may be .seized in fee at the time of the grant, and yet his estate need not· ·be an indefeasible one. He might lose the land, when the covenant of seizin would afford him no relief.' But the covenant of warranty is always a safe protection. It extends to incumbrances .and defeasances, and it was the intention of the legislature to authorize it to.be brought, without eviction, in all cases where it . would lie after eviction, whether the same deed contained a cove-389] nant *of seizin or not. The court should rather strive to give effect to the intention of the legislature than to a strict grammatical meaning of words.

Innes *v*. Agnew.

By the COURT:

The usual or common covenant of seizin stipulated that the grantor in the deed was seized of a good and sufficient title, and had right and authority to sell and convey. This covenant was in the present tense, and if the fact was contrary to the stipulation, the agreement was violated as soon as made, and a right of action arose immediately. The common covenant of general warranty is in the future, that the grantor will warrant and defend the title. Courts of justice doubted whether the grantor could be called upon to perform this covenant, while the grantee was permitted to hold possession under the grant. The evil of this principle was, that it the title was defective, and the person who had better title chose to lie still, the grantee could do nothing for his future protection and security. To remedy this mischief the statute was enacted. The mischief did not exist where the deed contained a covenant of seizin in the usual form. If the grantee covenanted that his title was indefeasible, when it was not, or that he had right to sell when he had not, or that he was seized of a good title, when his title was defective, the grantee could have immediate remedy. If his deed contained those covenants which usually accompanied the covenants of seizin, as part of it, his case required no statutory provision. And it would be one to which the terms of the statute do not extend. It is neither within the mischief, nor the letter. And it would be unwarrantable to include it.

The second breach is not well assigned upon common law principles. The court consider the law to be settled, that the breach ought to allege an eviction under a superior or better title to maintain an action upon the common covenant of general warranty. And it is also their opinion that the case is not within the provisions of the statute. The damages assessed are upon the three last counts; the judgment must, therefore, be reversed, and judgment given for the defendant upon the demurrer to the second breach.